# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TITAN HOLDINGS, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-11-777-D |
| UNDER ARMOUR, INC., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's motion [Doc. No. 16] to stay this action pending a reexamination by the United States Patent and Trademark Office ("PTO"). Plaintiff timely filed an objection to the motion to stay.

Background:

In this action, Plaintiff alleges that Defendant has infringed Plaintiff's Patent No. 6,161,222 ("Patent"), which covers an athletic garment with protective inner thigh guards. Defendant filed an answer denying infringement, and asserting a counterclaim alleging the Patent is invalid and unenforceable. Defendant also filed a request with the PTO to reexamine all claims in the Patent and, on December 2, 2011, the PTO granted the request for a reexamination.

Defendant's claim of invalidity is based on its contention that certain prior art renders the Patent invalid because it was "anticipated" under 28 U.S.C. § 102 and/or "obvious" under 28 U.S.C. § 103. According to Defendant, Plaintiff did not submit the prior art to the PTO when it applied for the Patent. Defendant argues that, in reexamining the Patent, the PTO will consider the question of its validity and determine whether it was properly issued in 2001. According to Defendant, a reexamination is likely to narrow the issues in this litigation or, possibly, result in eliminating the

issues raised by Plaintiff's claims. Defendant argues that a stay is thus in the interest of the parties because it may result in avoiding the time and expense of this litigation, and proceeding with this action while the reexamination is ongoing could result in inconsistent rulings and a waste of judicial resources.

Plaintiff objects because it contends Defendant has not presented argument or authority sufficient to justify a stay. Furthermore, it argues that it will be prejudiced if a stay issues because of the length of time required for the reexamination.

Standards governing a motion to stay:

As a general rule, "the power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F. 3d 1222, 1227 (10th Cir. 2003) (quoting *Landis v. North Am. Co.*, 229 U.S. 248, 254 (1936)). The granting of a stay ordinarily lies within the discretion of the district court. *See Pet Milk Co. v. Ritter*, 323 F. 2d 586, 588 (10th Cir. 1963). In most civil cases, a movant typically asks the Court to stay one proceeding pending the outcome of related litigation. In such cases, "[i]n assessing the propriety of a stay, a district court should consider: (1) whether the [movants] are likely to prevail in the related proceedings; (2) whether, absent a stay, the [movants] will suffer irreparable harm; (3) whether the issuance of the stay will cause substantial harm to the other parties to the proceeding; and (4) the public interest at stake." *United Steelworkers*, 322 F. 3d at 1227 (citing *Battle v. Anderson*, 564 F. 2d 388, 397 (10th Cir. 1977)).

Standards governing a motion to stay pending a PTO reexamination:

Although the foregoing general rules apply in patent infringement cases, courts have

developed specific standards where a party seeks a stay of the infringement action pending the PTO's reexamination of the subject patent's validity.[1] "Although the commencement of reexamination proceedings does not operate as an automatic stay of federal court litigation involving identical claims, a district court retains the authority, pursuant to its inherent power to control and manage its docket, to stay an action pending the outcome of reexamination proceedings before the PTO." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed.Cir.1988); *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y.1999) (citing *Gould v. Control Laser Corp.*, 705 F.2d at 1340), *appeal dismissed by* 243 F.3d 554 (Fed.Cir.2000)). "A motion to stay an action pending the resolution of a related matter in the [PTO] is directed to the sound discretion of the court." *Xerox Corp.*, 69 F.Supp.2d at 406 (quoting *Braintree Labs., Inc. v. Nephro-Tech., Inc.*, 1997 WL 94237 (D.Kan. Feb. 26, 1997) (unpublished opinion)).

"Federal courts have 'consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent.'" *United Pet Group, Inc. v. MiracleCorp Products,* 2012 WL 2458539, at *2 (E.D. Mo. June 27, 2012) (unpublished opinion) (quoting *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed.Cir. 2008) (citations omitted)). In exercising that discretion, district courts "often consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage for the non-moving party." *United Pet,* 2012 WL 2458539, at * 2 (citing *Interplast Group, Inc. v. Coroplast, Inc.,* 2009 WL 1774313, at *1 (E.D. Mo. June 23, 2009);

---

[1] Although it appears the Tenth Circuit Court of Appeals has not addressed the propriety of a stay under these circumstances, numerous courts have considered the question, and this Court has no reason to conclude that this Circuit would apply a different analysis.

*Watlow Elec. Mfg. Co. v. Ogden Mfg. Co.,* 2006 WL 1892546, at *1 (E.D. Mo. July 10, 2006)); *see also Middleton, Inc. v. Minnesota Mining and Mfg. Co.*, 2004 WL 1968669, at *3 (S.D. Iowa Aug. 24, 2004)(unpublished opinion); *Xerox Corp. v. 3Com Corp.,* 69 F. Supp. 2d 404, 406 (W.D. N.Y. 1999).

Application:

Courts "routinely issue stays pending the outcome of reexamination proceedings, particularly in cases where the litigants have not made substantial progress towards trial." *K.G. Motors, Inc. v. Specialized Bicycle Components, Inc.,* 2009 WL 2179129, at * 2 (W.D. N.Y. July 22, 2009) (unpublished opinion) (citing *Middleton, Inc. v. Minnesota Mining and Mfg. Co,* 2004 WL 1968669, at *3 (S.D. Iowa Aug. 24, 2004) (unpublished opinion) and *Softview Computer Prods. Corp. v. Haworth, Inc.*, 2000 WL 1134471, at *2 (S.D. N.Y. Aug. 10, 2000) (unpublished opinion)). "Because the PTO is considered to have expertise in deciding issues of patentability many courts have preferred to postpone making final decisions on infringement until the PTO rules on issues before it." *Bausch & Lomb, Inc. v. Alcon Laboratories, Inc.,* 914 F. Supp. 951, 953 (W.D. N.Y. 1996).

Courts have also recognized that the PTO reexamination procedure provides benefits to litigants, including "settling patent validity disputes more quickly and less expensively than often-protracted litigation and allowing courts to rely on the PTO's expertise." *Patlex Corp. v. Mossinghoff,* 758 F.2d 594, 602 (Fed. Cir. 1985). In this regard, courts have recognized that the PTO's special technical expertise is beneficial to a trial court when the validity of a patent is at issue in the infringement litigation. *Bausch & Lomb,* 914 F. Supp. at 953; *EchoStar Techs Corp. v. Tivo, Inc.*, 2006 WL 2501494, at * 4 and *11 (E.D. Tex. July 14, 2006) (unpublished opinion).

Furthermore, courts have recognized that allowing litigation involving a patent's validity to proceed concurrently with a PTO reexamination proceeding creates a risk of inconsistent rulings regarding validity. *Bausch & Lomb,* 914 F. Supp. at 953.  Because the PTO is not bound by a trial court's validity determination, that determination could be rendered moot by the PTO reexamination proceeding, thus further complicating the litigation process. *Id.*

Notwithstanding the foregoing, Plaintiff in this case argues a stay is improper because there is no guarantee that it will eliminate issues in the litigation and, more importantly, Plaintiff will be prejudiced by the delay in awaiting the reexamination decision.   With respect to possibly eliminating or streamlining issues, the PTO's decision obviously cannot be predicted.  However, Defendant does not argue that such a result is guaranteed.  It argues only, consistent with the foregoing court decisions, that the outcome *may* eliminate the need for the trial of this litigation.  That the PTO's decision cannot be predicted in advance does not mandate denial of the requested stay.  The Court finds no authority supporting a contention that a stay would be proper only if it results in eliminating the issues in the pending litigation.

In support of its prejudice contention, Plaintiff argues that "PTO statistics show that median reexamination lasts between 18.6 and 28.5 months, without appeal," and concludes that reexamination in this case "will take years."  Plaintiff's brief at p. 4.  Plaintiff argues that the resulting delay will prejudice its ability to pursue the infringement claims asserted in this lawsuit.

While Plaintiff cites several decisions holding that the delay caused by a PTO reexamination proceeding could be prejudicial to a plaintiff asserting an infringement claim, other courts have repeatedly held that delay alone is not sufficient to warrant denial of a motion to stay.  "'Mere delay, without more, though, does not demonstrate undue prejudice.'" *Ameras Onsite, LLC v. Digital*

*Management Solutions, Inc.,* 2010 WL 1268054, at * 3 (S.D. Tex. Mar. 24, 2010) (unpublished opinion) (citing *Ho Keung Tse v. Apple Inc.,* 2007 WL 2904279, at *4 (N.D. Cal. Oct. 4, 2007) (unpublished opinion)). "Reexamination does not threaten protracted or indefinite delay." *Alza Corp. v. Wyeth,* 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006) (unpublished opinion).

In fact, the reexamination statute provides that the PTO shall conduct "reexamination proceedings...including any appeal to the Board of Patent Appeals and Interferences...with *special dispatch.*" 35 U.S.C. § 305 (emphasis added). More specifically, where a patent is involved in litigation, the reexamination proceeding will "have priority over all other cases." *Cameras Onsite,* 2010 WL 1268054, at *3 (quoting Manual of Patent Examining Procedures § 2261). The Court finds that delay, without more, is not sufficient to establish the prejudice necessary to deny the requested stay.

Nor does the record suggest that granting the stay would result in a tactical advantage to Defendant or a disadvantage to Plaintiff. The issues to be resolved in the PTO reexamination proceeding are set out in the PTO orders and attachments submitted as Defendant's Exhibit 1. These describe, *inter alia,* the materials to be considered as well as the Plaintiff's opportunity to respond to the issues raised in the reexamination. The Court does not find the reexamination proceedings create a particular advantage for Defendant or a disadvantage for Plaintiff in this litigation.

In addition to the foregoing considerations, the Court must also consider the current status of the litigation. Typically, it is more appropriate to grant a stay during the early stages of a lawsuit. *See, e.g., Cima Labs, Inc. v. Actavis Group HF,* 2007 WL 1672229, at *10 (D. N.J. June 7, 2007)(unpublished opinion). As the parties in this case acknowledge, no status or scheduling conference has been conducted in this case, there are no pretrial deadlines, and no trial date has been

set. There is no suggestion that the parties have engaged in discovery or otherwise expended resources in this case. As a result, this factor weighs in favor of granting the stay.

Conclusion:

For the foregoing reasons, the Court concludes that this action should be stayed and administratively closed until such time as the PTO completes its reexamination proceeding. Accordingly, the motion to stay [Doc. No. 16] is GRANTED. This action is stayed until the PTO reexamination proceeding is completed. The action is administratively closed without prejudice to the rights of the parties to seek to reopen it during the period of administrative closure for any meritorious purpose. The parties are directed to jointly file a notice with the Court to advise of the progress of the PTO proceeding. No later than 14 days after the completion of the PTO proceeding, the parties are directed to notify the Court of the resulting decision. At that time, either party may seek to reopen this proceeding to request further action by the Court in light of the PTO decision.

IT IS SO ORDERED this 13th day of July, 2012.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE